UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

COLUMBIA PICTURES INDUSTRIES, INC.,
SONY PICTURES RELEASING CORPORATION,
SONY PICTURES HOME ENTERTAINMENT INC.,
and MARVEL CHARACTERS, INC.

                       Plaintiffs,

    - against -

DAVID COHEN, sued herein as JOHN DOE No. 1,
YAACOV COHEN, sued herein as JOHN DOE No. 2,
PETER HU, sued herein as JOHN DOE No. 3, RUIHU
ZHENG, sued herein as JOHN DOE No. 4, ANWAR
ALAM, sued herein as JOHN DOE No. 5, MICHAEL
MARVISI, sued herein as JOHN DOE No. 6,
ROBERT BECHT, as Trustee under the Last Will and
Testament of Vincent Terranova, sued herein as JOHN
DOE No. 7, EDWARD T. BORG, as Trustee under
the Last Will and Testament of Vincent Terranova,
sued herein as JOHN DOE No. 8, GEORGE
TERRANOVA, as Trustee under the Last Will and
Testament of Vincent Terranova, sued herein as JOHN
DOE No. 9, CARL TERRANOVA, as Trustee under
the Last Will and Testament of Vincent Terranova,
sued herein as JOHN DOE No. 10, THE ESTATE OF
VINCENT TERRANOVA, sued herein as JOHN DOE
No. 11, JOHN and JANE DOE Nos. 12 through 100,
365 CANAL CORP., sued herein as XYZ Co. No. 1,
WANG DA INC. d/b/a WANG DA GIFT SHOP, sued
herein as XYZ Co. No. 2, SYED TRADING CORP.,
sued herein as XYZ Co. No. 3, JUN YI SERVICES
COMPANY, sued herein as XYZ Co. No. 4,
AMSTERDAM BOUTIQUE INC., sued herein as
XYZ Co. No. 5, CANAL STREET DESIGNS, INC.,
sued herein as XYZ Co. No. 6, JAVIN CANAL
REALTY, INC., sued herein as XYZ Co. No. 7, and
XYZ Company Nos. 8 through 100,

                       Defendants.

------------------------------------------------------------- x

07 Civ. 3597

**<u>AMENDED COMPLAINT</u>**



586868v1  010829.0101

Plaintiffs, by their attorneys, Moses & Singer LLP, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is an action arising out of the unauthorized importation, manufacture, distribution, sale and commercial exploitation of counterfeit copies of Plaintiffs' copyrighted and trademark-protected motion pictures including but not limited to, "Spider-Man 3" ("Spider-Man 3").

2. The claims in this action are for copyright infringement, trademark infringement including counterfeiting, unfair competition and unjust enrichment.

## FACTS COMMON TO ALL CLAIMS

### PARTIES

3. Plaintiff Columbia Pictures Industries, Inc. ("Columbia") is a Delaware corporation with a principal place of business at 10202 West Washington Boulevard, Culver City, California. Columbia is indirectly owned by Sony Pictures Entertainment Inc., which is a wholly-owned subsidiary of Sony Corporation. Columbia is in the business, inter alia, of producing motion pictures.

4. Sony Pictures Releasing Corporation ("SPR") is a Delaware corporation with a principal place of business at 10202 West Washington Boulevard, Culver City, California. SPR is the exclusive United States theatrical distributor of motion pictures produced by Columbia, including Spider-Man 3.

5. Sony Pictures Home Entertainment Inc. ("SPHE") is a Delaware corporation with a principal place of business at 10202 West Washington Boulevard, Culver City, California.

SPHE is the exclusive home entertainment distributor of DVD and Blu-ray Disc copies of motion pictures produced by Columbia, including Spider-Man 3.

6.  SPR and SPHE are collectively referred to herein as "Sony."

7.  Marvel Characters, Inc. ("Marvel") is a Delaware corporation with a principal place of business at 9242 Beverly Boulevard, Suite 350, Beverly Hills, California 90210.

8.  Defendant Yaacov Cohen is a natural person residing at 17 Stonehenge Road, Great Neck, New York and, upon information and belief, is an owner of Amsterdam Boutique Inc. and Canal Street Designs, Inc., and is responsible for the operation of the business.

9.  Upon information and belief, Defendant David Cohen is a natural person and is an owner of Amsterdam Boutique Inc. and Canal Street Designs, Inc., and is responsible for the operation of the business.

10. Defendant Amsterdam Boutique Inc. is a domestic corporation existing under the laws of the State of New York, operating a business at 365 Canal Street, New York, New York, with a principal place of business of 454 Broadway, New York, New York.

11. Defendant Canal Street Designs, Inc. is a domestic corporation existing under the laws of the State of New York, operating a business location at 365 Canal Street, New York, New York, with a principal place of business of 454 Broadway, New York, New York.

12. Upon information and belief, Defendant Amsterdam Boutique Inc. does business as Canal Street Designs, Inc., Defendant Canal Street Designs, Inc. does business as Amsterdam Boutique Inc., and the two entities are alter egos of each other.

13. Upon information and belief, Michael Marvisi is a natural person residing at 21 South End Avenue, Apartment 627, New York, New York.

14.     Upon information and belief, Defendant 365 Canal Corp., is a domestic corporation existing under the laws of the State of New York, with a principal place of business of 21 South End Avenue, Apt. 627, New York, New York.

15.     Defendants Michael Marvisi and 365 Canal Corp. own the building known as and located at 365 Canal Street, New York, New York, and are landlords of Defendants David Cohen, Yaacov Cohen, Jacob Cohen, Amsterdam Boutique Inc. and Canal Street Designs, Inc.

16.     Defendant Peter Hu is a natural person with an interest in or otherwise employed by Defendant Wang Da Inc. at 230 Canal Street, New York, New York, and residing at 206 Whitman Place, Brooklyn, New York.

17.     Defendant Ruihu Zheng is a natural person doing business at 120 Walker Street, New York, New York, and residing at 9001 Ellenwood Lane, Fairfax Virginia.

18.     Upon information and belief, Defendant Anwar Alam is a natural person employed by Syed Trading Corp. at 232-232A Canal Street and residing in the State of New York.

19.     Upon information and belief, Defendant Syed Trading Corporation is a domestic corporation existing under the laws of the State of New York, operating a business or businesses at 232-232A Canal Street, New York, New York, with a registered business address of 252 Canal Street, New York, New York.

20.     Upon information and belief, Defendant Wang Da Inc. is a domestic corporation existing under the laws of the State of New York, with a registered business address of 230 Canal Street, New York, New York, and does business as Wang Da Gift Shop at that location.

21.     Upon information and belief, Defendant Estate of Vincent Terranova owns the buildings known as and located at 120 Walker Street, New York, New York, 230 Canal Street,

New York, New York, and 232 Canal Street, New York, New York, and is the landlord of Defendants Peter Hu, Ruihu Zheng, Anwar Alam, Syed Trading Corporation, and Wang Da Inc.

22. Upon information and belief, Defendant Estate of Vincent Terranova maintains business offices and conducts its affairs at 120 Walker Street, 4th Floor West, New York, New York.

23. Upon information and belief, Defendants Robert Brecht, Edward T. Borg, George Terranova and Carl Terranova are trustees under the Last Will and Testament of Vincent Terranova, 24 North Park Terrace, Congers, New York, and maintain business offices at 120 Walker Street, 4th Floor West, New York, New York.

24. Upon information and belief, Defendant Jun Yi Services Company is an unincorporated entity doing business at 303 Canal Street, New York, New York.

25. Upon information and belief, Defendant Javin Canal Realty, Inc., is a domestic corporation existing under the laws of the State of New York, with a principal place of business of 31 Catherine Street, Suite A, New York, New York 10038.

26. Upon information and belief, Javin Canal Realty owns the property known as and located at 303 Canal Street, New York, New York and is landlord to Defendant Jun Yi Services Company.

27. Defendants Michael Marvisi, 365 Canal Corp., Javin Canal Realty, Inc., the Estate of Vincent Terranova, and Robert Brecht, Edward T. Borg, George Terranova, and Carl Terranova as Trustees under the Last Will And Testament of Vincent Terranova, are collectively referred to herein as the "Landlord Defendants."

28. Defendants John and Jane Doe Nos. 11 through 100 and XYZ Company Nos. 8 through 100 are persons and entities, the identity of which are not yet known to Plaintiffs, that

have without license or other authority, imported, manufactured, distributed, exhibited, offered for sale, sold or otherwise commercially exploited the motion pictures that are the subject of this action or who are vicariously or contributorily liable for such unlawful exploitation.

## JURISDICTION AND VENUE

29. This Court has subject matter jurisdiction over this action based upon 28 U.S.C. §§1331 and 1338(a), and 15 U.S.C. §1121(a).

30. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b) and 1400(a).

## PLAINTIFFS' OWNERSHIP OF COPYRIGHTS AND TRADEMARKS IN SPIDER-MAN 3

31. In 2007, Columbia released Spider-Man 3, an original motion picture, which is copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 et seq.

32. Columbia pre-registered its copyright in Spider-Man 3 (the "Spider-Man 3 Copyright") pursuant to 17 U.S.C. §408(f) on or about August 28, 2006. A copy of the confirmation of pre-registration is annexed hereto as Exhibit 1.

33. Columbia has complied in all respects with the provisions of the Copyright Act for the pre-registration of the Spider-Man 3 Copyright, which pre-registration is in full force and effect.

34. On or about May 1, 2007, Columbia filed an application, on an expedited basis, to register its copyright in Spider-Man 3 with the U.S. Copyright Office pursuant to 17 U.S.C § 409. A copy of the filing receipt issued by the Copyright Office for this application is also annexed hereto as part of Exhibit 2.

35. Marvel has a trademark registered with the U.S. Patent and Trademark Office in the name "Spider-Man" for use in connection with entertainment services rendered through the mediums of television and film exhibitions (the "Spider-Man Trademark"). A copy of the

Spider-Man Trademark and its federal trademark registration number are attached as Exhibit 3. In addition, Marvel has significant common law trademark rights in the Spider-Man name and character that extend beyond the uses specified in the federal registration.

36. The character Spider-Man is famous and distinctive and products bearing its name and likeness are sold throughout the United States and internationally. The Spider-Man Trademark is a famous and distinctive trademark.

37. Marvel has complied in all respects with the provisions of the Lanham Act for the registration of the Spider-Man Trademark, which registration is in full force and effect.

38. Under license from Marvel, Columbia owns the exclusive right to use the Spider-Man Trademark in connection with three motion pictures produced by Columbia using the Spider-Man character (the "Spider-Man Motion Pictures") including the distribution of copies of Spider-Man 3.

39. Columbia has registered trademarks with the U.S. Patent and Trademark Office in the name "Columbia Pictures" and in its familiar logo of a statue of a woman on a pedestal holding a torch, surrounded by clouds (the "Lady and Clouds Logo Mark"), both of which are used in connection with the production, distribution, promotion and packaging of motion pictures (collectively, the "Columbia Trademarks"). The federal trademark registration numbers of the Columbia Trademarks are listed in Exhibit 4.

40. Columbia has complied in all respects with the provisions of the Lanham Act for the registration of the Columbia Trademarks, which registrations are in full force and effect.

41. Columbia products are widely distributed throughout the United States and internationally. The Columbia Trademarks are famous and distinctive trademarks.

## PLAINTIFF'S OWNERSHIP OF COPYRIGHTS AND TRADEMARKS
## IN OTHER MOTION PICTURES

42. Columbia and Sony have released a number of other original motion pictures, which are copyrightable subject matter under the U.S. Copyright Act (the "Columbia/Sony Motion Pictures").

43. Columbia and Sony own copyrights in the Columbia/Sony Motion Pictures (the "Columbia/Sony Copyrights").

44. Columbia and Sony have registered their copyrights in the Columbia/Sony Motion Pictures. A list of the titles of the Columbia/Sony Motion Pictures and copies of the corresponding certificates of copyright registration are attached as Exhibit 5.

45. Columbia and Sony have complied in all respects with the provisions of the Copyright Act for the registration of copyrights in the Columbia/Sony Motion Pictures, which registrations are in full force and effect.

## DEFENDANTS' UNLAWFUL ACTIONS

46. During the period May 1-3, 2007, Spider-Man 3 was released for theatrical exhibition in certain countries outside of the United States.

47. On May 4, 2007, Spider-Man 3 was released for theatrical exhibition in the United States.

48. On or before May 4, 2007, the Defendants began and still continue the unauthorized importation, manufacture, distribution, exhibition, offering for sale, sale or other commercial exploitation of Spider-Man 3 in the United States and other countries.

49. Before May 1, 2007, the Columbia/Sony Motion Pictures were released for theatrical exhibition in the United States.

50. Before May 1, 2007, Defendants began and still continue the unauthorized importation, manufacture, distribution, exhibition, offering for sale, sale or other commercial exploitation of the Columbia/Sony Motion Pictures in the United States and other countries.

51. The infringing and counterfeit copies of Spider-Man 3 and the Columbia/Sony Motion Pictures are generally recorded in theaters using hand-held recording equipment, and these recordings are transferred to a home computer where a "master-recording" is made. In such cases the "master-recording" would typically be sold to illicit source labs to be illegally duplicated, packaged and prepared for sale on the streets in DVD-R format.

52. At the time of the violations, Spider-Man 3 had not yet been authorized for theatrical release or home entertainment distribution in the United States. Therefore, any copies of Spider-Man 3 on any disc format at this time are unauthorized and unlawful.

53. The infringing and counterfeit copies of Spider-Man 3 imported, manufactured, distributed, exhibited, offered for sale, sold or otherwise commercially exploited by Defendants contain, are wrapped in packaging using, or are otherwise distributed in connection with the Columbia Trademarks and/or the Spider-Man Trademark, all without Plaintiffs' consent.

54. The infringing and counterfeit copies of the Columbia/Sony Motion Pictures imported, manufactured, distributed, exhibited, offered for sale, sold or otherwise commercially exploited by Defendants contain, are wrapped in packaging using or are otherwise distributed in connection with the Columbia Trademarks, all without Plaintiffs' consent.

55. The unauthorized importation, manufacture, distribution, exhibition, offering for sale, sale or other commercial exploitation of Spider-Man 3 and the Columbia/Sony Motion Pictures by Defendants before and after the theatrical and/or video sale and rental release of the motion pictures for exhibition in the United States will substantially diminish the number of

tickets sold for lawful exhibitions of Spider-Man 3 and the Columbia/Sony Motion Pictures and the resultant negative attention and publicity attracted by Defendants' infringements will further substantially diminish the number of tickets sold for lawful exhibitions of Spider-Man 3 and the Columbia/Sony Motion Pictures, as well as the future sales and rentals of lawful copies of each of these motion pictures in DVD and other video formats.

56.   The unlawful copies of Spider-Man 3 and the Columbia/Sony Motion Pictures imported, manufactured, distributed, exhibited, offered for sale, sold and otherwise exploited by Defendants are of a quality that is inferior to the copies of the motion pictures lawfully exhibited and distributed by Plaintiffs. The resultant negative attention and publicity attracted by Defendants' infringement will diminish the reputation of Spider-Man 3 and the Columbia/Sony Motion Pictures, as well as of Columbia, Sony and Marvel, and will reduce the revenues associated with Spider-Man 3, the Columbia/Sony Motion Pictures and with other Columbia, Sony and Marvel products and services. In addition to diminishing Plaintiffs' revenues, Defendants' unlawful conduct has injured and will continue to injure Plaintiffs' commercial credibility with distributors and customers, and will inhibit their ability to finance the future production of motion pictures, thereby affecting Plaintiffs' future economic growth.

57.   The unlawful copies of Spider-Man 3 and the Columbia/Sony Motion Pictures marketed and sold by Defendants are frequently mislabeled and actually contain unlawful copies of other motion pictures. This practice causes great confusion to Plaintiffs' customers and diminishes the movie-going public's interest in movie franchises such as the Spider-Man Motion Pictures, and as a result causes Plaintiffs incalculable damages through lost revenue.

58.   Plaintiffs are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' acts of copyright and trademark infringement, together with

Defendants' profits, the statutory damages provided by both the Copyright Act and the Lanham Act, Plaintiffs' counsel fees and the costs of this action. Plaintiffs are not yet able to ascertain the full extent of the gains, profits and advantages Defendants have obtained and will continue to obtain, or the damages Plaintiff has suffered and will continue to suffer, by reason of Defendants' unlawful acts of infringement (collectively "Plaintiffs' Damages").

59.     Upon information and belief, Defendants are and will be without the resources needed to pay Plaintiffs' Damages or have concealed or will conceal their resources to avoid paying Plaintiffs' Damages once they are aware that this action has been commenced against them.

60.     Unless enjoined and restrained, Defendants' conduct threatens to further infringe Plaintiffs' copyright and trademark rights and interests in Spider-Man 3.

61.     Unless enjoined and restrained, Defendants' conduct threatens to further infringe Plaintiffs' copyright and trademark rights and interests in the Columbia/Sony Motion Pictures.

62.     Irreparable harm to Plaintiff is imminent and continuing as a result of Defendants' aforesaid conduct, and Plaintiffs are without an adequate remedy at law.

## SPECIFIC VIOLATIONS

63.     In connection with the Plaintiffs' initiative to investigate and interdict the unlawful production, distribution and sale of counterfeit DVD-R copies of Spider-Man 3 and the Columbia/Sony Motion Pictures, investigators working on Plaintiffs' behalf purchased certain bootleg and counterfeit DVD-R motion pictures from certain of the Defendants.

64. At approximately 12:25 on April 28, 2007 an investigator purchased an illegally duplicated and manufactured DVD-R copy of "Perfect Stranger" from Jan Yi Services Company, located at 303 Canal Street, New York, New York.

65. At approximately 3:30 p.m. on April 28, 2007 an investigator purchased an illegally duplicated and manufactured DVD-R copy of "Perfect Stranger" from a merchant affiliated with both Amsterdam Boutique Inc. and Canal Street Designs, Inc., at 365 Canal Street, New York, New York.

66. At approximately 1:20 p.m. on May 1, 2007 an investigator purchased illegally duplicated and manufactured DVD-R copies of "Perfect Stranger" and "Reign Over Me" from the Wang Da Gift Shop located at 230 Canal Street, New York, New York.

67. At approximately 2:50 p.m. on May 2, 2007 an investigator purchased illegally duplicated and manufactured DVD-R copies of "Vacancy" and "The Messengers" from Syed Trading Corp. at 232-232A Canal Street, New York, New York.

68. At approximately 5:25 p.m. on May 4, 2007 an investigator observed a street vendor whose identity is unknown retrieve illegal DVD-R copies of Spider-Man 3 and the Columbia/Sony Motion Pictures from a storage facility located at 120 Walker Street, New York, New York.

69. On May 7, 2007 Plaintiffs, with the assistance of and under the supervision of the United States Marshals Service, executed the Seizure Orders and seized illegally duplicated and manufactured DVD-R copies of Spider-Man 3, the Columbia/Sony Motion Pictures and such other motion pictures as were authorized by the Writs of Seizure, from the Defendants. The locations, titles and quantities of DVD-R's seized are set forth in Exhibit 6 hereto.

70. The illegally duplicated and manufactured DVD-R copies of Spider-Man 3 and the Columbia/Sony Motion Pictures contained or exhibited the Spider-Man Trademark and/or the Columbia Trademarks, infringed the Spider-Man 3 Copyright and the Columbia/Sony Copyrights.

71. Ruihu Zheng had custody and control of the storage locker located at 120 Walker Street and of the illegal DVD-R copies of Spider-Man 3 and the Columbia/Sony Motion Pictures located therein. Shortly after executing the Seizure Orders at the 120 Walker Street storage locker, Plaintiffs observed Ruihu Zheng enter the locker, which was locked.

72. Peter Hu personally participated in the sale and distribution of unlawful DVD-R copies of Spider-Man 3 and the Columbia/Sony Motion Pictures and had personal custody and control of such copies at the time Plaintiffs executed the Seizure Order at Wang Da Inc.

73. Upon information and belief, Anwar Alam participated in and was responsible for the sale or distribution of Spider-Man 3 and the Columbia/Sony Motion Pictures at Syed Trading Corp., 232-232A Canal Street.

## FIRST CLAIM (COPYRIGHT INFRINGEMENT)

74. Columbia owns the Spider-Man 3 Copyright, under which copyright Sony holds certain exclusive rights, and Columbia and Sony own the Columbia/Sony Copyrights, as aforesaid.

75. Defendants have been and are continuing the unauthorized importation, manufacture, distribution, exhibition, offering for sale, sale or other commercial exploitation of the motion pictures in which Plaintiffs own copyrights, as aforesaid.

76. By reason of the foregoing, Defendants have infringed and are continuing to infringe Plaintiffs' rights under the Spider-Man 3 Copyright and the Columbia/Sony Motion Pictures Copyrights, or are vicariously or contributorily liable for the same.

## SECOND CLAIM (FEDERAL TRADEMARK INFRINGEMENT)

77. Marvel owns the Spider-Man Trademark and Columbia owns the Columbia Trademarks and certain exclusive rights under the Spider-Man Trademark.

78. Defendants have been and are continuing the unauthorized importation, manufacture, distribution, exhibition, offering for sale, sale or other commercial exploitation of motion pictures in connection with the Spider-Man Trademark and the Columbia Trademarks, as aforesaid.

79. Defendants' acts as aforesaid have caused and will cause a likelihood of confusion as to the source, origin and sponsorship of such motion pictures.

80. By reason of the foregoing, Defendants have infringed and are continuing to infringe Columbia's rights under the Columbia Trademarks and the rights of Marvel and Columbia under the Spider-Man Trademark, or are vicariously or contributorily liable for the same.

## THIRD CLAIM (FEDERAL TRADEMARK COUNTERFEITING)

81. Defendants have been and are continuing the unauthorized importation, manufacture, distribution, exhibition, offering for sale, sale or other commercial exploitation of motion pictures in connection with the Columbia Trademarks and the Spider-Man Trademark, as aforesaid.

82. By reason of the foregoing, Defendants have used and are continuing to use counterfeit marks, namely, the Columbia Trademarks and the Spider-Man Trademark in

connection with the sale, offering for sale, or distribution of goods within the meaning of 15 U.S.C. §1116(d), or are vicariously or contributorily liable for the same.

### FOURTH CLAIM (FEDERAL UNFAIR COMPETITION)

83. Defendants' importation, manufacture, distribution, exhibition, offering for sale, sale or other commercial exploitation of the aforesaid illegal and infringing copies of Spider-Man 3, and of the Columbia/Sony Motion Pictures, in connection with the Columbia Trademarks and the Spider-Man Trademark, as aforesaid, constitute the application of a false designation of origin to their goods.

84. Defendants' acts as aforesaid have caused and will cause a likelihood of confusion as to the source, origin and sponsorship of such goods.

85. By reason of the foregoing, Defendants are applying a false designation of origin to their goods within the meaning of 15 U.S.C. §1125(a), or are vicariously or contributorily liable for the same.

### FIFTH CLAIM (STATE TRADEMARK INFRINGEMENT)

86. Marvel owns the Spider-Man Trademark and Columbia owns the Columbia Trademarks and certain exclusive rights under the Spider-Man Trademark, as aforesaid.

87. Defendants have been and are continuing the unauthorized importation, manufacture, distribution, exhibition, offering for sale, sale or other commercial exploitation of motion pictures in connection with the Columbia Trademarks and the Spider-Man Trademark, as aforesaid.

88. Defendants' acts as aforesaid have caused and will cause a likelihood of confusion as to the source, origin and sponsorship of such motion pictures.

89. By reason of the foregoing, Defendants have infringed and are continuing to infringe Plaintiffs' rights in the Columbia Trademarks and the Spider-Man Trademark under state law, or are vicariously or contributorily liable for the same.

## SIXTH CLAIM (STATE UNFAIR COMPETITION)

90. Defendants' importation, manufacture, distribution, exhibition, offering for sale, sale or other commercial exploitation of the aforesaid illegal and infringing copies of Spider-Man 3, and of the Columbia/Sony Motion Pictures, in connection with the Columbia Trademarks and the Spider-Man Trademark, as aforesaid, constitute the passing off of Defendants' goods as those of Plaintiffs.

91. Defendants' acts as aforesaid have caused and will cause a likelihood of confusion as to the source, origin and sponsorship of such goods.

92. By reason of the foregoing, Defendants have unfairly competed and are continuing to unfairly compete with Plaintiffs under state law, or are vicariously or contributorily liable for the same.

## SEVENTH CLAIM (UNJUST ENRICHMENT)

93. Defendants are deriving revenue, money and other economic gain from the importation, manufacture, distribution, exhibition, offering for sale, sale or other commercial exploitation of the aforesaid illegal and infringing copies of Spider-Man 3, and of the Columbia/Sony Motion Pictures.

94. It is against equity and good conscience to permit Defendants to retain their illegal profits and gains.

95. By reason of the foregoing, Defendants have been and are being unjustly enriched at Plaintiffs' expense.

### EIGHTH CLAIM (CONTRIBUTORY TRADEMARK INFRINGEMENT AND COUNTERFEITING)

96. The Landlord Defendants knew or should have known of their tenants' unlawful activities.

97. The landlord Defendants induced and aided the infringement and counterfeiting of Plaintiffs' registered trademarks by providing their tenants with a safe haven and marketplace for selling counterfeit and infringing goods.

98. By reason of the foregoing, the Landlord Defendants are contributorily liable for trademark infringement and counterfeiting.

### NINTH CLAIM (VICARIOUS TRADEMARK INFRINGEMENT AND COUNTERFEITING)

99. The Landlord Defendants knew or should have known of their tenants' unlawful activities.

100. The Landlord Defendants had the authority to supervise and control their tenants, and received a direct financial benefit from their tenants' unlawful activities.

101. By reason of the foregoing the Landlord Defendants are vicariously liable for trademark infringement and counterfeiting.

### TENTH CLAIM (CONTRIBUTORY COPYRIGHT INFRINGEMENT)

102. The Landlord Defendants knew or should have known of their tenants' unlawful activities.

103. The Landlord Defendants induced and aided the infringement of Plaintiffs' Copyrights by providing their tenants with a safe haven and marketplace for selling infringing goods.

104. By reason of the foregoing, the Landlord Defendants are contributorily liable for copyright infringement.

### ELEVENTH CLAIM (VICARIOUS COPYRIGHT INFRINGEMENT)

105. The Landlord Defendants knew or should have known of their tenants' unlawful activities.

106. The Landlord had the authority to supervise and control their tenants, and received a direct financial benefit from their tenants' unlawful activities.

107. By reason of the foregoing the Landlord Defendants are vicariously liable for copyright infringement.

### TWELFTH CLAIM (JOINT AND SEVERAL LIABILITY)

108. The Landlord Defendants gave possession or permitted their property to be used for unlawful businesses.

109. By reason of the foregoing, under the statutes and the common law of the State of New York, the Landlord Defendants are jointly and severally liable for the Plaintiffs' damages caused by such unlawful use.

WHEREFORE, Plaintiffs pray as follows:

1. For a preliminary and permanent injunction

    (a) enjoining Defendants and all persons acting in concert with them from importing, manufacturing, reproducing, distributing, displaying, exhibiting, advertising, promoting, offering for sale and/or selling any material which infringes the Spider-Man 3 Copyright, the Columbia/Sony Motion Picture Copyrights, the Columbia Trademarks, the Spider-Man Trademark and any of Plaintiffs' other copyrights and trademarks, and

(b)     ordering the ex parte seizure of

(i)     all infringing copies and phonorecords, all plates, molds, matrices, masters, tapes, film negatives or other articles by means of which such copies or phonorecords may be reproduced, and all electronic, mechanical or other devices for manufacturing, reproducing or assembling such copies or phonorecords, and

(ii)    all counterfeit goods and marks and the means of making such goods and marks, and records documenting the manufacture, distribution, sale, or receipt of things involved in such violation, and

(iii)   all monies, funds or other forms of remuneration, in the currency of the United States or any other country which is found in the possession of Defendants or any of their agents, associates or other operatives, and

(c)     ordering Defendants and all persons acting in concert with them and to deliver to the Court for destruction or other reasonable disposition all materials and means for producing infringing or counterfeit goods or other materials in Defendants' possession or control.

2.    Under the First Claim, for Plaintiffs' Damages in an amount in to be determined at trial, plus interest, or alternatively, for statutory damages as prescribed by the Copyright Act, as Plaintiffs may elect.

3.    Under the Second, Third and Fourth Claims, for Plaintiffs' Damages in an amount to be determined at trial, that amount to be trebled pursuant to 15 U.S.C. §1117, plus interest, or alternatively, for statutory damages as prescribed by the Lanham Act, as Plaintiffs may elect.

4.    Under the Fifth and Sixth Claims, for Plaintiffs' Damages in an amount in an amount to be determined at trial, plus punitive damages.

5.  Under the First, Second, Third, Fourth, Fifth, Sixth and Seventh Claims, for an order directing Defendants to disgorge all profits, gains, revenue or other benefit received or derived from the sale of Spider-Man 3 and the Columbia/Sony Motion Pictures.

6.  For Plaintiffs' reasonable attorneys' fees and the costs of this action.

7.  For such other and further relief as the Court deems just and proper.

Dated: May 23, 2007
New York, New York

                                            MOSES & SINGER LLP
                                            Attorneys for Plaintiff

                                            By: _____
                                              W. Drew Kastner (WK-7251)
                                            405 Lexington Avenue
                                            The Chrysler Building
                                            New York, New York 10174-1299
                                            (212) 554-7800 (voice)
                                            (212) 554-7700 (facsimile)