UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
COLUMBIA PICTURES INDUSTRIES, INC.,
SONY PICTURES RELEASING CORPORATION,
SONY PICTURES HOME ENTERTAINMENT INC.,
and MARVEL CHARACTERS, INC.,

          Case No. 07 Civ. – 3597 (LTS)

      Plaintiffs,

  -against-

DAVID COHEN, sued herein as JOHN DOE No. 1,
YAACOV COHEN, sued herein as JOHN DOE No. 2,
PETER HU, sued herein as JOHN DOE No. 3, RUIHU
ZHENG, sued herein as JOHN DOE No. 4, ANWAR
ALAM, sued herein as JOHN DOE No. 5, MICHAEL
MARVISI, sued herein as JOHN DOE No. 6,
ROBERT BECHT, as Trustee under the Last Will and
Testament of Vincent Terranova, sued herein as JOHN
DOE No. 7, EDWARD T. BORG, as Trustee under
the Last Will and Testament of Vincent Terranova,
sued herein as JOHN DOE No. 8, GEORGE
TERRANOVA, as Trustee under the Last Will and
Testament of Vincent Terranova, sued herein as JOHN
DOE No. 9, CARL TERRANOVA, as Trustee under
the Last Will and Testament of Vincent Terranova,
sued herein as JOHN DOE No. 10, THE ESTATE OF
VINCENT TERRANOVA, sued herein as JOHN DOE
No. 11, JOHN and JANE DOE Nos. 12 through 100,
365 CANAL CORP., sued herein as XYZ Co. No. 1,
WANG DA INC. d/b/a WANG DA GIFT SHOP, sued
herein as XYZ Co. No. 2, SYED TRADING CORP.,
sued herein as XYZ Co. No. 3, JUN YI SERVICES
COMPANY, sued herein as XYZ Co. No. 4,
AMSTERDAM BOUTIQUE INC., sued herein as
XYZ Co. No. 5, CANAL STREET DESIGNS, INC.,
sued herein as XYZ Co. No. 6, JAVIN CANAL
REALTY, INC., sued herein as XYZ Co, No. 7, and
XYZ Company Nos. 8 through 100,

          **AFFIDAVIT OF**
          **NICHOLAS G.**
          **HIMONIDIS**

      Defendants.
-----------------------------------------------------------------X

588768v1  010829.0101

STATE OF NEW YORK        )
                         )ss.:
COUNTY OF NASSAU         )

**NICHOLAS G. HIMONIDIS,** being duly sworn, deposes and says:

1. I am the President and founder of NGH Associates, Ltd. (hereinafter "NGH"), a New York State-licensed Private Investigation firm, headquartered at 99 Powerhouse Road, Roslyn Heights, New York 11577.

2. I make this affidavit based upon my personal knowledge of the facts herein, and / or upon information and belief, the basis of same being the reports filed by investigators in my office working under my direction, in support of Plaintiffs' motion for a preliminary injunction in the above captioned matter.

3. I founded NGH in 1999. Prior thereto, I earned my Juris Doctorate from St. John's University School of Law, where I graduated *Magna Cum Laude*. After graduating, I worked as an associate attorney at several law firms in a variety of areas including, commercial litigation, commercial finance, banking, corporate law, creditors' rights and bankruptcy. I am presently admitted to practice law in the state and federal courts of New York, and have previously been admitted to practice law in Maryland, Washington D.C. and the Commonwealth of Virginia. I am a Certified Computer Forensic Specialist, with extensive training and expertise in digital data recovery, electronic discovery and digital evidence handling procedures, as well as, a Certified Fraud Examiner.

4. From April 28, 2007 through May 23, 2007, I was working in connection with the Plaintiffs' initiative to identify and interdict illegal sales of first-run motion pictures. Plaintiffs believed these motion pictures were being unlawfully duplicated and distributed by a number of

vendors in, around and through various store fronts, shops, kiosks and peddlers throughout New York County.

5. My specific role in the operation was to oversee and supervise the activities of the private investigators under my employ and to assign them to conduct surveillance at various locations in New York County, including Canal Street and the surrounding area. I instructed the NGH investigators placed in the field to report all activity, suspicious or otherwise, directly to me through our chain of command.

6. On April 28, 2007 I sent undercover Investigator Evelyn Rivera to Canal Street in search of pirated DVD-R's. At approximately 3:30 p.m., Investigator Rivera observed an African-American male, approximately 25-30 years of age, approximately 5'9" – 6'0", standing directly in front of the Amsterdam Boutique, located at 365 Canal Street (the "Amsterdam Boutique"). The man was leaning against the building, with a peg board and metal wire/grate type display apparatus on which he had displayed for sale, hats, sunglasses, mixed music CD's and DVD-R motion pictures. This display appeared to be affixed to the building's façade. Investigator Rivera purchased one DVD-R of the motion picture entitled "Perfect Stranger" for five (5) dollars.

7. On May 7, 2007 I sent Investigator Rivera back to Canal Street in order to conduct further undercover surveillance of the area, as well as, to assist the Plaintiffs in executing the Court approved seizures at various locations on Canal Street. At approximately 2:15 p.m., Investigator Rivera witnessed the same unidentified African-American male in front of 365 Canal Street by the same display of items for sale.

8. On May 17, 2007 I sent undercover Investigator Ernest Lentini to Canal Street in order to observe and video tape all activity taking place in the vicinity of 365 Canal Street. At

approximately 3:00 p.m., Investigator Lentini filmed an African-American male standing in front of the Amsterdam Boutique at 365 Canal Street with a display of items for sale. The video, in both its original and abridged versions, which has been attached as Exhibit A hereto, shows the unidentified African-American (a different male than the one observed by Investigator Rivera) working the store-front display. At one point, this salesperson entered and exited the Amsterdam Boutique and he is seen counting money immediately thereafter. Review of the footage by Investigator Rivera confirms that although the individual observed was not the same man she witnessed on both April 28 and May 7, 2007, the location and the display of the items for sale were identical.

9. On May 18, 2007, I was informed by Plaintiffs' counsel that a hearing was conducted in front of Judge Swain of the Southern District of New York. I was told that the owners of the Amsterdam Boutique claimed that neither they nor anyone affiliated with them is presently or had ever sold pirated DVD-R's. In addition, it is my understanding that they also represented that if in fact someone was selling pirated DVD-R's in or around their store, it was without their knowledge or consent.

10. On May 22, 2007 I sent undercover Investigators Lentini, Laura Shechter and Field Operative John D'Oria to Canal Street during normal business hours in order to observe all activity taking place in the vicinity of 365 Canal Street. At this time no one was observed selling goods in front of the Amsterdam Boutique and the peg board and metal wire/grate type display apparatus had been removed.

11. On May 23, 2007 I sent Investigator Shechter and Field Operative D'Oria back to Canal Street to observe and video tape all activity taking place in the vicinity of 365 Canal Street. At this time no one was observed selling goods in front of the Amsterdam Boutique and the peg board and metal wire/grate type display apparatus was still absent.

_____
NICHOLAS G. HIMONIDIS

Sworn to before me this
29th day of May 2007

_____
Notary Public

KAREN A. AMUNDSON
Notary Public, State of New York
No. 01AM4624423
Qualified in Queens County
Commission Expires Aug. 31, 2010