UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
COLUMBIA PICTURES INDUSTRIES, INC., : Case No.: 07 CIV 3597 (LTS)
SONY PICTURES RELEASING CORPORATION, :
SONY PICTURES HOME ENTERTAINMENT INC., :
and MARVEL CHARACTERS, INC., :
: **DECLARATION OF**
            Plaintiff, : **MICHAEL MARVICI**
:
   -against- :
:
JOHN and JANE DOE Nos. 1 through 100, and XYZ :
Company Nos. 1 through 100, :
:
           Defendants. :
-----------------------------------------------------------------x

    MICHAEL MARVICI, declares under the penalties of perjury that the following statements are true:

    1.    I am one of the individual Defendants named in this lawsuit and the President of 365 Canal Corp., a corporate Defendant in this case which owns the real property known and described as 365 Canal Street in the City, County and State of New York.

    2.    On July 31, 2003 I conveyed my interest in this property to 365 Canal Corp. which has owned the building since that date.

    3.    365 Canal Street, New York, NY, is a five (5) story building with three (3) commercial stores on the first floor and residential lofts on the four (4) floors above it. The lofts are not used for commercial purposes. A photograph of the exterior of the building is annexed hereto as *Exhibit A*.

    4.    I own other property in the Canal Street area and I am very concerned

about the sale of counterfeit merchandise. I placed in the lease which I gave to Canal Street Designs, Inc. a provision which states that the lease will terminate if the tenant sells or offers to sell any counterfeit or bootlegged merchandise. This lease provides in paragraph 41.05:

> "The sale or offering to sell by Tenant of any counterfeit or bootlegged merchandise is prohibited and shall be a substantial violation of this lease. Tenant acknowledges that this lease is entered into on the condition that the provisions of paragraph 94 be deemed and shall be construed as material obligations of the Tenant under this lease and that Landlord is relying upon Tenant's compliance with its obligations under paragraph 94 of this lease as a material inducement to Landlord to offer this lease to Tenant and to enter into this lease with Tenant."

Paragraph 94 is entitled: "Prohibition against the sale of counterfeit merchandise." This provision is almost three (3) pages long and is quite specific in its prohibitions. A copy of these provisions of the lease are annexed hereto as *Exhibit B*.

5. In order to insure compliance with the anti-counterfeit provisions of this lease, 365 Canal Corp. has retained a private investigation firm called FIA or Forensic Investigative, 230 Park Avenue, New York, NY 10169. This firm is an international investigative company which inspects the demised premises twice a week, unannounced, to make sure that there are no violations of the anti-counterfeiting provisions of the lease. In other words, FIA visits and inspects the premises to make sure that no counterfeit merchandise is being offered for sale. After he or she inspects the premises, he or she prepares a written report which is forwarded to my attorney.

6.  I have reviewed the FIA's reports and I can state of my own personal knowledge that at no time have they stated that there have been any violations of the anti-counterfeit provisions in the 365 Canal Street premises.

7.  They have authority to inspect the premises at any time and to require the complete cooperation of the Tenant. Any violations of the anti-counterfeit laws must be reported to my attorney so that he can take appropriate action.

8.  Since prior to April 28, 2007, I personally visit 365 Canal Street, unannounced. I am specifically looking for counterfeit or bootlegged merchandise and if I see any, I would consider it a material breach of this lease.

9.  Since I personally have neither participated, facilitated nor condoned the sale of any counterfeit merchandise on my premises and no such products have been found in the premises, I do not know why I personally have been made a party to this lawsuit. I specifically request that the claims against me personally be dismissed. There are no specific claims in the Amended Complaint that allege that I did anything wrong.

10.  The claims against the Landlord, 365 Canal Corp. are contained in paragraphs 8 through 12. The Plaintiffs' theory is that the Landlords and specifically 365 Canal Corp. contributed to trademark infringement and counterfeiting; are liable because of vicarious trademark infringement and counterfeiting; are liable because of contributory copyright infringement; and or vicarious copyright infringement and joint and several liability.

11.  It is clear that the Plaintiffs' are claiming that 365 Canal Corp. is

derivatively liable for the acts of its tenants. However, there is not a scintilla of evidence that the tenants at 365 Canal Street engaged in any act which could be considered an infringement of the Plaintiffs' copyrights or trademarks. Since the tenant did not violate the Plaintiffs' copyrights or trademarks, the landlord cannot be vicariously nor derivatively liable.

12. On the other hand, I have done everything in my power to prevent the sale of counterfeit merchandise on my premises including having frequent independent inspections conducted of the demised premises. By contrast, the Plaintiffs' investigators who allegedly purchased a single copy of an alleged counterfeit DVD, did not bother getting the name of the individual from whom the DVD was purchased nor did they take any action to enforce their trademarks or copyrights against the individual who allegedly violated their trademarks and copyrights. The Plaintiffs are obviously not interested in preventing the illegal distribution or sale of the alleged counterfeit DVD, but are only interested in harassing legitimate businessmen who are trying to carry on their businesses in the demised premises.

13. The raid which the Plaintiffs initiated in my premises on May 7th 2007 was totally without my consent. They barged onto my private property, searched the premises thoroughly, of course they found nothing, and then left. My rights as the owner of that property have been violated by such an illegal search and seizure. There was no probable cause that any such activity was taking place inside the premises.

14. If the Plaintiffs are allowed to continue this outrageous behavior of

invading private property upon the flimsiest excuse that contraband was being sold in the public area of Canal Street, then no property is safe from this intrusion. While I don't condone the sale of counterfeit merchandise, I believe that the owners of real property are entitled to the enjoyment of their property without it being invaded by Plaintiffs on the flimsiest of excuses. The papers submitted by the Plaintiffs contain page after page of recitals of their rights to their copyrighted and trademarked material. There is not a single word about the rights of the owners of the real property and their tenants to conduct their business without interference or fear of invasion from the Plaintiffs.

WHEREFORE, this motion to dismiss should be in all respects be granted in favor of the moving Defendants together with such other and further relief as to this court may seem just and proper.

I hereby declare under the laws of the United States of America that the following statements are true and correct.

Executed on June 15, 2007.

MICHAEL MARVICI