# WEISBERG & WEISBERG

Attorneys At Law
98 Cutter Mill Road
Great Neck, NY 11021
(516) 466-2750
Fax: (516) 466-2799*

SIDNEY A. WEISBERG
DANIEL J. WEISBERG

*Not for service of process

June 8, 2007

*Via Overnight Mail and Facsimile*
W. Drew Kastner, Esq.
Moses & Singer LLP
Chrysler Building
405 Lexington Avenue
New York, NY 10174-1299

    RE:    Columbia Pictures Industries, Inc. v. John Doe
              Case No.: 1: 07-CV 3597 (LTS)

Dear Mr. Kastner:

    This letter is an attempt to resolve the issues between the parties. This office represents the following parties to this litigation: David Cohen, Yaacov Cohen, Michael Marvisi, 365 Canal Corp., Amsterdam Boutique, Inc., and Canal Street Designs, Inc. The only factual allegation contained in your case concerning my clients are that on April 28, 2007 at approximately 3:30 PM, one alleged infringing DVD-R was purchased by an undercover investigator outside the premises 365 Canal Street. In your complaint, you describe the individual as "a merchant affiliated with both Amsterdam Boutique, Inc. and Canal Street Designs, Inc."

    There are no allegations in the complaint that David Cohen, Yaacov Cohen or Michael Marivsi personally violated any of the Plaintiffs' copyrights or trademarks. There are no allegations that the individuals did any act which would in any way infringe upon your clients copyrights or trademarks. In the absence of such allegations, I believe the lawsuit is not brought against the individual Defendants in good faith.

    With regard to the corporate Defendants, there are no factual allegations to show that any of the corporations were in any way involved with the single sale of an alleged infringing DVD-R. As a matter of fact, none of the Plaintiffs have submitted any evidence to show that the alleged purchase of an infringing DVD-R on April 28, 2007 was in fact a counterfeit. Without this evidence, there is clearly no case against the Defendants which we represent.

Furthermore, by claiming that the person who sold the DVD-R was "affiliated" without identifying the nature of the affiliation, is not enough to sustain the complaint. Without some evidence that the alleged purveyor of the DVD-R was in some way connected to the corporate Defendants, the complaint does not state a cause of action against either the individual or the corporate Defendants.

On the other hand, your clients conducted two raids which involved using armed U.S. Marshals, New York City Police Officers and private investigators, a thorough search of 305 Canal Street and 365 Canal Street, which search was without proper investigation and both searches interrupted and interfered with my clients' business as well as their reputations in the community. I believe these raids are a serious transgression and violation of my clients' rights.

In view of the foregoing, I suggest that the lawsuit be discontinued with prejudice and the Defendants agree to waive their rights to damages arising from the raids which took place on May 7, 2007.

Without admitting any liability, the Defendant 365 Canal Corp. will forward to you or your clients copies of the inspection reports about which Mr. Marvisi testified on May 30, 2007.

Your clients will pay the sum of $10,000.00 to reimburse my clients for some of their costs and legal expenses.

Both parties agree to respect the other parties rights in their property.

If your clients agree to this proposed resolution, the parties can save the cost of litigation and have an early resolution of the issues.

May I have your comments on the foregoing at your earliest convenience.

Very truly yours,

s/

SIDNEY A. WEISBERG

SAW: sca