UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

COLUMBIA PICTURES INDUSTRIES, INC.,   :   Case No.: 07 CIV 3597 (LTS)
SONY PICTURES RELEASING CORPORATION,   :
SONY PICTURES HOME ENTERTAINMENT INC.,   :
and MARVEL CHARACTERS, INC.,   :
   :
               Plaintiff,   :
   :
     -against-   :
   :
JOHN and JANE DOE Nos. 1 through 100, and XYZ   :
Company Nos. 1 through 100,   :
   :
          Defendants.   :

-------------------------------------------------------------------x

 

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
DISMISS AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**

 

WEISBERG & WEISBERG
SIDNEY A. WEISBERG, ESQ.
Attorneys for Defendants,
*David Cohen, Yaacov Cohen, Michael Marvici,*
*Canal Street Designs, Inc., 365 Canal Corp.*
*and Amsterdam Boutique, Inc.*
98 Cutter Mill Road, Suite 332
Great Neck, New York 11021
(516) 466-2750

## Preliminary Statement

The Defendants DAVID COHEN, YAACOV COHEN , CANAL STREET DESIGNS, INC., MICHAEL MARVICI, 365 CANAL CORP., and AMSTERDAM BOUTIQUE INC. (hereinafter "the moving Defendants") submit this memorandum of law in support of their motion for an order, pursuant to Fed.R.Civ.P 12(b)(6), dismissing the Plaintiffs' Amended Complaint as to said Defendants.

## Facts

Plaintiffs brought this action seeking *inter alia* an order of seizure, impoundment and attachment claiming that defendants illegally possessed and distributed copyrighted DVDs. The particular DVDs in question, according to the Amended Complaint, Exhibit A, Exhibit "5" "Wind Chill", "Vacancy", "Perfect Stranger", "Are We Done Yet", "Reign Over Me", "Premonition" and the "Messengers". The sale of a single DVD-R has been attributed to the moving defendants, that of "Perfect Stranger".

The Defendant David Cohen is the President of the Defendant Canal Street Designs, Inc., which operates a clothing store located at 365 Canal Street in the Borough of Manhattan, City and State of New York. It does not engage in the sale of DVDs or other electronic media or players.

The Defendant Michael Marvici is the President of the Defendant 365 Canal Corp. which is the owner of the premises located at 365 Canal Street, New York, New York, a portion of which building is leased to the Defendant Canal Street Designs, Inc.

On May 7, 2007, the store operated at 305 Canal Street was raided by armed U.S. Marshals, who ordered all of the customers out of the store, blocked the entrance to the store,

refused to permit any customers to re-enter the store, searched the premises, and after questioning store employees for about an hour and learning and finding nothing, left the store without the service of any papers. They came to the wrong location.

The Plaintiffs' raid of the store operated by the Defendant Canal Street Designs, Inc. at 365 Canal Street was on the same date and at the same time and followed the same protocol namely armed U.S. Marshals searching the store, questioning store employees for about an hour and leaving the store, after having learned and found nothing!

Among the affidavits submitted by Plaintiffs in support of their Order to Show Cause authorizing a search of Defendants' premises was the May 4, 2007 affidavit of a person named William J. Shannon, who is described as an "Investigator" which was based upon the hearsay statements of other investigators.

Mr. Shannon's affidavit stated that on April 28, 2007 at 3:30 p.m., an unnamed investigator "approached" Defendants' store located at 365 Canal Street, New York, NY 10013 and successfully purchased an allegedly illegally duplicated DVD-R of one of the Columbia/Sony Motion Pictures, entitled "Perfect Stranger". However, Mr. Shannon did not state that he personally made the alleged purchase but merely that the purchase was made by an unnamed investigator.

Neither Mr. Shannon nor the "investigator" stated that the DVD was purchased from any of the Defendants nor from an employee of the Defendants nor that the DVD was purchased while the investigator inside the Defendants' store. According to Mr. Shannon, the investigator merely stated that she purchased the DVD as she approached the Defendants' store.

Mr. Shannon made the further statement at paragraph 13 of his affidavit that "I have personally examined the DVD-R sold by the Defendant, to the Investigator, and believe it to be a pirated and counterfeit copy of said motion picture [sic.]."

After Plaintiffs raided the Defendants stores, Evelyn Rivera, an investigator employed by a private investigation firm submitted an affidavit stating that she was the investigator referenced in Mr. Shannon's affidavit and that on April 28, 2007 at 3:30 p.m. she observed an African-American male standing in front of Defendants' store located at 365 Canal Street from whom she purchased a DVD-R of the motion picture entitled "Perfect Stranger".

There is no allegation in the Plaintiffs' Amended Complaint, nor any evidence, that any of the Defendants nor their employees ever sold a pirated or DVD of any motion picture to an investigator.

The only evidence that anyone sold a DVD-R of a motion picture consisted of the affidavit by Evelyn Rivera which recounted her purchase of a single DVD from an African-American male on the sidewalk in front of Defendants' store at 365 Canal Street.

## POINT I

### NO FACTS ARE ALLEGED, WHICH IF PROVEN, WOULD
### STATE A VALID CLAIM FOR RELIEF AGAINST DEFENDANTS

The U.S. Supreme Court has held that Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations contained in the complaint (Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

A complaint will be "frivolous" if the facts alleged are clearly baseless; when the facts alleged rise to the level of the irrational or the wholly incredible; or when the facts alleged embrace either an inarguable contrary legal conclusion or fanciful factual allegation (Kovachevich v. United States FBI, 2006 U.S. Dist. LEXIS 69897 (E.D.N.Y. 2006)); when the facts alleged are the product of delusion or fantasy (Clerk v. State of Vermont, 2005 U.S. Dist. LEXIS 30522 (Dist. Vt. 2005)); or when the facts alleged are based upon an indesputably meritless legal theory (Ibid.).

In the case at bar, Plaintiffs' Amended Complaint fails to allege any facts which, if proven, would state a valid claim for relief against the moving Defendants (see Point II).

## POINT II

### PLAINTIFFS' AMENDED COMPLAINT FAILS TO
### TO STATE A CLAIM BASED UPON
### <u>COPYRIGHT INFRINGEMENT</u>

The moving Defendants are the corporate lessors, owners, and officers of real property located at 365 Canal Street, New York, New York and other locations in the Canal Street area.

A properly pleaded copyright infringement claim must allege (1) the specific original works which are the subject of the copyright claim, (2) the Plaintiff's ownership of the copyrights in those works, (3) registration of the copyrights in accordance with the federal copyright statute and (4) the acts and time frame of the Defendant's alleged infringement of the copyright (<u>Kelly v. L.L. Cool J, Def. Jam Music Records, Pub., Inc.</u>, 145 F.R.D. 32 (S.D.N.Y. 1992) affirmed 23 F.3d 398 (2d Cir. 1994) cert. den. 1994 U.S. LEXIS 7411 (1994)). Fed.R.Civ.P. 8 further requires that the particular infringing acts be set forth with specificity (<u>Franklin Electronic Pub. v. Unisonic Prod. Corp.</u>, 763 F.Supp. 1, 4 (S.D.N.Y. 1991)).

In the case at bar, the Plaintiffs' Amended Complaint lacks the requisite specificity regarding the particular acts of the Defendants which allegedly constituted the copyright infringement (See for example ¶¶48, 50, 53, 54, 56 and 57). Thus, if for no other reason, the utter lack of specificity in Plaintiffs' Amended Complaint requires that it be dismissed as to the moving Defendants. Apart for the Amended Complaint's lack of specificity, there exist numerous additional reasons for the dismissal of the Plaintiffs' Amended Complaint.

There are only <u>two</u> theories under which the officers of the Corporate Defendants could be held liable to the Plaintiffs for the infringement activities, if any, of the corporate Defendants.

The first theory would be that the individual Defendants participated in, exercised control over, or benefitted from the infringement activities of the Corporate Defendants (<u>Ez-Tixz, Inc. v. Hit-Tix, Inc.</u>, 919 F.Supp. 728 (S.D.N.Y. 1996).

The second theory would be that the individual Defendants were directly implicated in the acts constituting the infringement and contributed to the infringement (<u>Ibid.</u>; <u>Gershwin Pub. Corp. v. Columbia Artists Management, Inc.</u>, 443 F.2d 1159 (2d Cir. 1971); <u>Shapiro, Bernstein & Co. v. H.L. Green Co.</u>, 316 F.2d 304, 307 (2d Cir. 1963) (vicarious liability attaches "when the right and ability to supervise coalesce with an obvious and direct financial interest in the exploitation of copyrighted materials").

Since there is no allegation in the Plaintiffs' Amended Complaint that the individual Defendants "had (i) the right and ability to supervise the infringing activity; and (ii) an obvious and direct financial interest in exploitation of copyrighted materials" the Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted as to the individual Defendants (<u>Capitol Records, Inc. v. Wings Digital Corp.</u>, 218 F.Supp.2d 280 (E.D.N.Y. 2002)).

The facts in the case of <u>Shapiro, Bernstein & Co. v. H.L. Green Co.</u>, <u>supra</u>. manifest the glaring deficiencies in the Plaintiffs' amended complaint. There, the court explored the relationship between the store owner and the seller and found that the owner received a percentage of the seller's profits; the owner was responsible for managing the

-6-

payroll for the employees working for the seller; the seller's employees had to abide by the rules promulgated by the owner; and the employees could be dismissed in the unreviewable discretion of the owner. In the case at bar, the Plaintiffs have never alleged or demonstrated by affidavit or otherwise that the corporate owner and/or lessor of 365 Canal Street, or their officers, or any employee of Defendants, ever sold any copyrighted DVDs! At the very least, Plaintiffs were required to allege facts demonstrating that one or more of the moving Defendants, or their employees, committed an infringing act before seeking to hold Defendants liable based upon a theory that they were vicariously liable to the Plaintiffs.

The facts in <u>Shapiro</u> were in sharp contract to those that were present in the case of <u>Artists Music, Inc. v. Reed Pub., Inc.</u>, 1994 U.S. Dist. LEXIS 6395 (S.D.N.Y. 1994). There, the court reaffirmed the Second Circuit's holding in <u>Deutsch v. Arnold</u>, 98 F.2d 686 (2d Cir. 1938) that a landlord that charged a fixed rent – rent not tied to the tenants revenues or profits derived from the alleged copyright infringements – was not liable for the tenant's infringing activity.

In the case at bar, the Plaintiffs' Amended Complaint does not even allege that the owner and/or lessor of 365 Canal Street engaged in any infringement activity let alone that the lessor's rent was tied to revenues or profits derived from the alleged copyright infringements. In short, not only does the Plaintiffs' Amended Complaint fail to allege any infringement activity by any of the moving Defendants, it fails to allege any infringement activity on the part of any employee of the moving Defendants or by any tenant whose rent was tied to revenues or profits derived from the alleged copyright infringements.

In order to have <u>contributed</u> to the infringement, the individual Defendants would have had to have knowledge of the infringing activity or to have induced, caused or materially contributed to the infringing conduct of the corporate Defendants (<u>Gershwin Pub. Corp. v. Columbia Artists Management, Inc.</u>, <u>supra</u>.). Since there exists no allegation in the Plaintiffs' Amended Complaint that the individual Defendants contributed in any way to any infringement activity, if indeed there was any infringement activity, Plaintiffs' Amended Complaint lacks the requisite specificity regarding the particular acts which allegedly constituted the copyright infringement by the moving Defendants.

The only theory upon which the <u>corporate</u> Defendants can be held liable for copyright infringement is that they <u>willfully</u> engaged in copyright infringement (see <u>Cass Co. Music Co. v. Khalifa</u>, 1996 U.S. App. LEXIS 26084 (2d Cir. 1996); <u>Peer International Corp. v. Luna Records, Inc.</u>, 887 F.Supp. 560 (S.D.N.Y. 1995)). The case of <u>Yash Raj Films, Inc. v. Bobby Music Co.</u>, 2006 U.S. Dist. LEXIS 73305 (E.D.N.Y. 2006) is particularly instructive. There in addition to the hearsay affidavits of investigators there was "sufficient alternative competent evidence of infringement on the record . . . including the evidence that the infringing items were seized from the shelves of Bobby Music". In the case at bar there is absolutely no evidence that a single DVD was purchased or seized by an investigator while in Defendants' store. There exists only the affidavit of an investigator stating that she purchased a single DVD in front of Defendants' store from an African American male. Thus, there is no evidence that the corporate Defendants engaged in any infringement activity let alone that they did so <u>wilfully</u>!

## Conclusion

The motion by Defendants DAVID COHEN, YAACOV COHEN, CANAL STREET DESIGNS, INC., MICHAEL MARVICI and 365 CANAL CORP., and AMSTERDAM BOUTIQUE, INC. for an order, pursuant to FRCP 12(b)(6), dismissing the Plaintiffs' Amended Complaint as to said Defendants should be, in all respects, granted.

Dated: Great Neck, NY
      June 15, 2007

Respectfully submitted,

WEISBERG & WEISBERG

By: _____
      SIDNEY A. WEISBERG (7996)
Attorneys for Defendants,
*David Cohen, Yaacov Cohen, Michael Marvici,*
*Canal Street Designs, Inc., 365 Canal Corp.*
*and Amsterdam Boutique, Inc.*
98 Cutter Mill Road, Suite 332
Great Neck, NY 11021
(516) 466-2750